IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AUSTIN TOMAS,              )<br>                            )<br>     Plaintiff,           )<br>                            )<br>     vs.                    )<br>                            )<br>JOSEPH ARPAIO,              )<br>                            )<br>     Defendant.             )<br>_____) | CIV 06-01445 PHX FJM MEA<br><br>REPORT AND RECOMMENDATION<br>FOR DISMISSAL<br>WITHOUT PREJUDICE |

**TO THE HONORABLE FREDERICK J. MARTONE:**

Plaintiff filed his complaint on June 5, 2006. On June 13, 2006, the Court ordered Plaintiff to complete and return a service packet for Defendant to the Court by July 3, 2006. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Plaintiff was warned that his failure to acquire a waiver of service from Defendant or to complete service of process on Defendant within 120 days of the date that he filed his complaint, by October 2, 2006, would result in the dismissal of the complaint pursuant to Rule 4(m), Federal Rules of Civil Procedure, and Rule 16.2(b)(2)(B), of the United States District Court for the District of Arizona Local Rules of Civil

Procedure. The civil docket in this matter indicates that Plaintiff has failed to acquire a waiver of service from Defendant or to complete service of process on Defendant.

On October 3, 2006, the Court allowed Plaintiff until November 3, 2006, to show cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's order of June 13, 2006, 2006, and Plaintiff's failure to effect service of process on Defendant as required by the Court's order of June 13, 2006, 2006, and Rule 4, Federal Rules of Civil Procedure. Plaintiff has failed to show cause for his failure to abide by the Court's orders and to effect service of process on Defendant. The Order to Show Cause sent to Plaintiff at his last known address was not returned as undeliverable; Plaintiff did receive notice of the Court's intent to dismiss this matter. Plaintiff has failed to show cause for his failure to abide by the Court's orders and to effect service of process on Defendant.

**THEREFORE**, **IT IS RECOMMENDED that** this case be dismissed for Plaintiff's failure to serve the Defendant in this matter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

1    Pursuant to Rule 72(b), Federal Rules of Civil
2 Procedure, the parties shall have ten (10) days from the date of
3 service of a copy of this recommendation within which to file
4 specific written objections with the Court.  Thereafter, the
5 parties have ten (10) days within which to file a response to
6 the objections.  Failure to timely file objections to any
7 factual or legal determinations of the Magistrate Judge will be
8 considered a waiver of a party's right to de novo appellate
9 consideration of the issues.  See <u>United States v. Reyna-Tapia</u>,
10 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to
11 timely file objections to any factual or legal determinations of
12 the Magistrate Judge will constitute a waiver of a party's right
13 to appellate review of the findings of fact and conclusions of
14 law in an order or judgment entered pursuant to the
15 recommendation of the Magistrate Judge.
16    DATED this 8th day of November, 2006.

_____
Mark E. Aspey
United States Magistrate Judge